United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10832
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMACIO ANDRADE-CASTANEDA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-295-1
--------------------

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Damacio Andrade-Castaneda (Andrade) appeals his 240-month sentence from a conviction for conspiracy to commit hostage taking, hostage taking and aiding and abetting, conspiracy to transport and harbor illegal aliens, harboring illegal aliens and aiding and abetting, and transporting illegal aliens. Andrade argues that the district court erred in imposing the following sentencing increases: a six level increase for a ransom demand, a one level increase for failure to release an illegal alien, a two level increase for vulnerable victim, and a four level

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

increase for leadership role in the offenses.  Because Andrade raised his objections in the district court, we review the district court's legal interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Angeles-Mendoza, 407 F.3d 742, 746 (5th Cir. 2005).

With respect to the ransom increase, Andrade argues that § 2A4.1(b)(1) requires the district court to make a finding that an additional demand was made increasing the price from that which was originally agreed upon by the illegal alien and the smuggler.  Although this court has not decided whether § 2A4.1(b)(1) requires a finding of an additional increase of money beyond that already owed in the hostage taking, it is unnecessary to decide the question in Andrade's case.  Here, testimony from illegal aliens harbored by Andrade's organization supports the district court's conclusion that the fees imposed by Andrade's organization were increased after the aliens crossed the border.  Accordingly, the district court did not clearly err in assigning the six level increase.  See Angeles-Mendoza, 407 F.3d at 746.

With respect to the increase for failure to release an alien prior to the expiration of seven days, Andrade argues that because the aliens did not decide to leave until two or three days after their abductors stopped feeding them, the detention did not exceed seven days.  Andrade's argument lacks merit.  The

record contains testimony from one of the aliens harbored by Andrade, as well as a neighbor in a house adjacent to where the aliens were kept, that supports the increase pursuant to § 2A4.1(b)(4)(B). Because the record supports the conclusion that the hostages were detained in excess of seven days from their detention, the district court did not clearly err in assigning a one level increase. See Angeles-Mendoza, 407 F.3d at 746.

With respect to the vulnerable victim increase pursuant to § 3A1.1(b)(1), Andrade argues that the district court erred because it failed to articulate an unusual vulnerability in the aliens. The record reflects that the conditions referenced by the district court were conditions of smuggling, not personal characteristics of a vulnerable victim. See United States v. Medina-Arqueta, 454 F.3d 479, 482-83 (5th Cir. 2006); Angeles-Mendoza, 407 F.3d 745-48. Moreover, the district court failed to articulate specific findings or direct observations of victims to support the § 3A1.1(b)(1) increase. Medina-Arqueta, 454 F.3d at 482-83. The district court thus committed clear error in assigning this increase. See id. at 483. Due to this enhancement error, the district court miscalculated the appropriate guideline range. See id. Without the two level increase, Andrade's overall offense level would have been 35. With a level I criminal history category his correct guideline range would have been 168 to 210 months of imprisonment.

Accordingly, the district court's sentence of 240 months of imprisonment must be vacated and the case remanded for resentencing in light of this guideline miscalculation. See Angeles-Mendoza, 407 F.3d at 746-48, 54.

With respect to the leadership role increase, Andrade argues that there was no evidence that he organized the participants in the conspiracy. The record reflects that Andrade recruited numerous individuals to guard the aliens who were held at the house in Corsicana, Texas, and to transport the aliens to Dallas, Houston, and Georgia. The record further reflects that Andrade planned these trips and paid the drivers. Andrade recruited others to cash money orders from the ransom payments received. Andrade's assertion that two other individuals retained leadership roles is unavailing because proof that the defendant supervised only one other culpable participant is sufficient to make the defendant eligible for this enhancement. See United States v. Washington, 44 F.3d 1271, 1281 (5th Cir. 1995). The district court's leadership role enhancement was not clearly erroneous. See Angeles-Mendoza, 407 F.3d at 746.

Andrade argues that the district court's sentencing increases violate the Ex Post Facto Clause because his offense was committed prior to the Supreme Court's decision in Booker. As Andrade concedes, his argument that the Ex Post Facto Clause prohibits the district court from applying Booker's remedial opinion to his case was squarely rejected by this court in United

States v. Scroggins, 411 F.3d 572, 575-77 (5th Cir. 2005). He raises the argument only to preserve it for Supreme Court review.

SENTENCE VACATED AND REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION.